IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY R. LEGGITON                                                                                    PLAINTIFF

vs.                                           Civil No. 4:07-cv-04113

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Bobby R. Leggiton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on May 12, 2005. (Tr. 52-54). Plaintiff alleged he was disabled due to seizures, problems with concentration and memory. (Tr. 65, 103). These applications were initially denied on July 18, 2005 and were denied again on reconsideration

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

on February 10, 2006. (Tr. 43-49). On February 21, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 31-32). The hearing was held on January 3, 2007 in Texarkana, Arkansas. (Tr. 617-639). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Charles D. Turner testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school diploma. (Tr. 620-621).

On April 21, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 21, Finding 2). The ALJ determined Plaintiff had the severe impairments of seizure disorder, hypertension, bipolar disease, and alcoholism. (Tr. 21, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13-20, Finding 7). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 13-14).

After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities were not indicative of someone who is completely disabled; (2) There was no evidence Plaintiff used any strong medicine for pain; (3) No treating physician placed the level

of limitation upon Plaintiff as was alleged; (4) Plaintiff did not seek or have aggressive medical treatment for disabling pain; (5) Plaintiff denied abusing alcohol, but medical records showed a continued abuse of alcohol; and (6) Plaintiff's work record is comprised of low earnings that varies significantly from year to year. (Tr. 13-14, 19).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 21, Finding 7). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the residual functional capacity for at least the medium work activity which involves lifting no more than fifty pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. The claimant is capable of standing and/or walking a total of 6 hours per 8 hour workday; and sitting a total of about 6 hours per 8 hour workday. He is further limited to perform work where interpersonal contact is incidental to the work performed; complexity of the tasks is learned and performed by rote with few variables and little judgment; and required supervision is simple, direct, and concrete.

(Tr. 21, Finding 7). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 21-22, Findings 6, 11). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 621-624, 636-638). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 637).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 637-638). For example, the VE testified such a hypothetical person could perform work in various types of assembly and inspection jobs 55,000 such jobs in the Region and 400,000 in the nation). (Tr. 21, Finding 11). The ALJ went on to find Plaintiff was not under a disability from his alleged onset date

3

through the date of the decision. (Tr. 22, Finding 12).

On April 30, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.984(b)(2). On November 19, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). On December 3, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). The parties consented to the jurisdiction of this Court on December 11, 2007. (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in his RFC determination; and (C) Substantial evidence does not support a finding that Plaintiff can perform work in significant numbers in the national economy. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ RFC's determination is supported by substantial evidence; and

5

(C) Substantial evidence supports Plaintiff can perform work in significant numbers in the national economy.

### A. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 13-14). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 13-14).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's daily activities were not indicative of someone who is completely disabled; (2) There was no evidence Plaintiff used any strong medicine for pain; (3) No treating physician placed the level of limitation upon Plaintiff as was alleged; (4) Plaintiff did not seek or have aggressive medical treatment for disabling pain; (5) Plaintiff denied abusing alcohol, but medical records showed a continued abuse of alcohol; and (6) Plaintiff's work record is comprised of low earnings that varies significantly from year to year. (Tr. 13-14, 19).

In reviewing Plaintiff's daily activities, the ALJ discussed the fact that Plaintiff's activities

7

were inconsistent with claims of disabling pain. These activities include the ability to provide for his own personal care, do household activities, shop, prepare meals, and attend church. (Tr. 98-99).

The ALJ found Plaintiff functions at a normal level on a daily basis except he does not engage in gainful work activity. (Tr. 14). The ALJ discussed Plaintiff's use of prescription medicine and the fact that Plaintiff does not take strong pain medicine. (Tr. 14). The ALJ further found the objective medical evidence did not support the degree of functional limitation as alleged by Plaintiff. (Tr. 14).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### **B. RFC Determination**

Plaintiff claims the medical evidence does not support the ALJ's finding that the Plaintiff possesses the RFC to perform medium work. (Doc. No. 7, Page 1). Plaintiff claims he has a severe psychological overlay that prevents him from performing any type of employment. (Doc. No. 7, Page 4). Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform a reduced range of medium work. (Doc. No. 8, Page 10).

This Court finds that the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the

8

record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff alleged disability due to seizure disorder. (Tr. 65). Plaintiff was examined at Christus St. Michaels Emergency Room (CSM) on April 25, 2003, with a complaint of having fallen and suffered a seizure. (Tr. 268). At that time, Plaintiff was prescribed the medicine Dilantin for seizures. (Tr. 268). For the next several years, Plaintiff was examined in emergency rooms on several occasions with complaints of seizures. Oftentimes Plaintiff had not taken the Dilantin as prescribed and after being advised to stop abusing alcohol had failed to do so.

On June 23, 2003, Plaintiff was examined at CSM after suffering a seizure. (Tr. 323). Plaintiff indicated he does not take his medicine. Plaintiff was also diagnosed with alcohol abuse. (Tr. 323). Plaintiff was examined at CSM on January 6, 2004 because he was out of Dilantin. (Tr. 210).

On April 27, 2004, Plaintiff was examined at Wadley Regional Medical Center Emergency Room (WRMC). On this occasion Plaintiff had not been taking his medicine and was consuming

alcohol. (Tr. 423). Plaintiff was told to take his Dilantin as prescribed and stop alcohol use. (Tr. 424). On May 17, 2004, Plaintiff was seen at CSM with seizure activity. His lab work was indicative of not using his Dilantin. (Tr. 218-222). Plaintiff returned to CSM on June 2, 2004 with similar findings as his previous visit. (Tr. 230-232).

Plaintiff returned to WRMC on February 9, 2005 with seizure complaints. (Tr. 431). The history taken from Plaintiff indicated had not been taking his medicine for the last month and was on alcohol binges. Plaintiff also indicated he buys pints of alcohol whenever his gets some money from odd jobs. (Tr. 431). On April 1, 2005, Plaintiff was seen at CSM with a complaint of a seizure. (Tr. 242-255). The record indicates Plaintiff's Dilantin levels were low and he had been drinking "a lot". (Tr. 255).

Plaintiff was seen at WRMC on May 10, 2005 with seizure complaints. (Tr. 395). Plaintiff stated he had not taken his medicine in the last several weeks. Plaintiff also stated he had been drinking for the last couple of weeks and felt dizzy like he was having a seizure. (Tr. 395). The doctor did not take a blood alcohol level, because he could smell alcohol on Plaintiff's breath. (Tr. 395). Plaintiff returned to WRMC on May 22, 2005 with seizure complaints. (Tr. 385-388). Plaintiff was advised to take his medicine and stop using alcohol. (Tr. 388).

These records established Plaintiff has not followed his physician's orders as it relates to his prescription medication and use of alcohol. The ALJ correctly found that a failure to follow prescribed treatment can justify a finding of not being disabled. *See* 20 C.F.R. § 404.1530(b).

Further support for the ALJ's RFC determination is found in Plaintiff's RFC assessment. (Tr. 199-206). This report found Plaintiff was capable of lifting 50 pounds occasionally and 25 pounds frequently, and could sit and stand 6 hours in an 8 hour day. (Tr. 200). The report also found no postural, manipulative, visual, or communicative limitations. (Tr. 201-203).

Furthermore, it should be noted, Plaintiff did not claim an exertional impairment resulting from anything such as back pain or limitations in his arms or legs in his disability applications. Plaintiff claimed he could not work due to his seizures and problems with his concentration and memory. (Tr. 65).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### C. Step Five Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines that a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the

11

Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

As discussed above, the ALJ discounted Plaintiff's subjective complaints that his ability to perform work is significantly diminished by his pain. (Tr. 13-14). The ALJ's credibility determination is supported by several valid reasons and is entitled to deference. *See Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to carry up to fifty pounds occasionally and twenty-five pounds frequently; an ability to sit for six hours out of an eight hour workday, and stand six hours out of an eight hour workday. The ALJ also limited Plaintiff to a job where interpersonal contact is superficial and incidental to the work performed, complexity of tasks is learned and performed by

rote with few variables and little judgment required; and required supervision would be simple, direct and concrete. (Tr. 21, Finding No. 7).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 636-638). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 20). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 20).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated that jobs existed in both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **16th day of March, 2009.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE